UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL FERGUSON, | ) | 1:15CV2510 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| CITY OF SOUTH EUCLID, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Nathaniel Ferguson ("Ferguson") has filed a petition pro se for a writ of habeas corpus, arising out of his 2015 convictions for two counts of theft, in the South Euclid (Ohio) Municipal Court. (Doc. 1.) The respondent has filed a Motion to Dismiss (doc. 10), and Ferguson has filed a Response (doc. 11).

The petition filed by Ferguson alleges that he has two motions for appeal of his convictions filed March 10, 2015, and March 11, 2015, and that the South Euclid Municipal Court has not ruled on either motion. Ferguson alleges that this is a violation of his "speedy trial" rights and his right to due process. Ferguson requests that this court grant a writ ordering his release. (Doc. 1.)

In the motion to dismiss, the respondent asserts that the Municipal Court addressed his motions, and that the petition should be denied as moot. (Doc. 10.)

The two motions at issue are as follows: First, the motion filed in the Municipal Court on March 10, 2015, is captioned "Motion for Appeal: New Trial or

Dismissal," for Case Numbers CRB 1400035 and CRB 1400036. The motion states that defendant filed various motions on April 28, 2014, June 13, 2014, and Nov. 12, 2014, that none of those motions were ruled upon, and that defendant requested dismissal or an immediate new trial. (Doc. 10-7, RX 5.)

The other motion, filed in the Municipal Court on March 11, 2015, is captioned "Motion for Appeal and New Trial," for Case Numbers CRB 1400036 and CRB 1400035. The motion is substantially identical to the above, states that defendant filed various motions on April 28, 2014, June 13, 2014, and Nov. 12, 2014, that none of those motions were ruled upon, and that defendant requested dismissal or an immediate new trial. (Doc. 10-6, RX 4.) In other words, both of the March 2015 motions referenced in the habeas petition are concerned with alleged inaction on the underlying motions filed on April 28, 2014, June 13, 2014, and Nov. 12, 2014.

The respondent asserts that the Municipal Court responded to these motions in a written judgment entry dated April 6, 2015, which addressed the underlying motions of April 28, 2014, June 13, 2014, and Nov. 12, 2014, which were the subject of the subsequently filed March 10 and 11, 2015, motions. (Doc. 10, at 2.)

The April 6, 2015, judgment entry and opinion reads as follows, in relevant part:

On or about April 21, 2014[1], Defendant filed a pro se motion captioned "Motion to Dismiss case Theft." This motion is denied for two reasons. First, the motion does not reference any specific case number(s) in which an alleged Speedy Trial violation occurred. Thus, this court was unable to discern its relevance and shall not issue a ruling regarding the alleged violation. Additionally, the two matters pending before the court were scheduled for sentencing, insofar as the defendant had previously entered knowing, voluntary and intelligent pleas of guilt to the offenses therein. As a result of defendant's failure to appear for sentencing, this court issued warrants for Defendant's arrest so as to effectuate sentencing in the instant matters.

On or about June 13, 2014, Defendant filed a pro se Motion captioned "Motion to Withdraw Plea." This court finds that once again, Defendant failed to reference any specific case number relative to this motion. The court therefore is unable to determine which case(s) the Defendant's motion sought to address. This court, notwithstanding provided Defendant Ferguson an opportunity to restate this motion on the record and provide a basis for said request to the court. Thereafter, Defendant's motion to Withdraw Plea was overruled and denied. This court proceeded to sentencing the defendant on February 15, 2015 [in cases CRB 1400035 and CRB 1400036].

Further, on November 12, 2014, Defendant filed a pro se motion captioned "Motion to Request Prosecute or Dismiss Charge Petty Theft." This motion is denied for several reasons. At the time of this filing, Defendant had three matters pending before this court as he had been charged with violating ORC 2913.02 Theft (M1). These cases were CRB 1400035, CRB 1400036, or CRB 1400647. The record shall reflect that as a function of Defendant's prior plea of guilt, CRB 1400035 and CRB 1400036 were scheduled for sentencing while CRB 1400647 remained pending in pretrial status.

The court further finds that in this filing, the Defendant failed to make reference to any specific case number(s) in which this motion should attach. The court hereby declines any invitation to presume that the Defendant may have been referencing case numbers CRB 1400035, CRB 1400036, or CRB 1400647. This court further finds that proper service to the prosecution was lacking thereby disallowing the State an

---

[1] The accompanying docket notes that Ferguson filed a Motion to Dismiss on April 21, 2014, which was docketed on April 28, 2014. (Doc. 10-2, docket.)

3

> opportunity to respond. Finally, this motion was irrelevant to the sentencing held on February 19, 2015[,] as that hearing was for the two matters Defendant previously pleaded guilty in, those case numbers being CRB 1400035 and CRB 1400036.

(Doc. 10-5, RX 3.) The court thus overruled the motions referenced above. *Id.*

As Ferguson's March 10 and 11, 2015, motions[2] sought resolution of his motions previously filed on April 28, 2014, June 13, 2014, and Nov. 12, 2014, and the Municipal Court has ruled on those underlying motions, the court finds that the relief sought in this court is moot. The underlying motions have been resolved by the Municipal Court through its judgment entry and opinion of April 6, 2015.

The motion to dismiss should be granted.


Dated:  May 9, 2016                        /s/ Kenneth S. McHargh
                                           Kenneth S. McHargh
                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] In his opposition to the motion to dismiss, Ferguson argues that the April 6, 2015, judgment entry cannot have addressed the motions which are the subject of his habeas petition, because the "appeal motions weren't filed until April 10 2015 & April 11 2015." (Doc. 11.) Ferguson is confusing his dates; the petition states that the motions at issues were filed "3/10/15 & 3/11/15," that is, in March. (Doc. 1.)